**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4006

MUTAZ ABDEL MOHAMED,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, Sr., District Judge.
(CR-97-188)

Submitted: December 29, 1998

Decided: January 25, 1999

Before NIEMEYER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Carol B. Andres, Asheville, North Carolina, for Appellant. Walter C.
Holton, Jr., United States Attorney, Clifton T. Barrett, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mutaz Mohamed appeals from his 150-month sentence for destruction of a building by fire on the grounds that the district court improperly departed from his guideline range due to his failure to give information to the probation officer, that his destructive behavior while awaiting sentencing was impermissibly double-counted for departure purposes, and that his conduct did not justify departure under either U.S. Sentencing Guidelines Manual § 5K2.0 or § 4A1.3 (1997). Finding no error, we affirm Mohamed's sentence.

A jury convicted Mohamed of intentionally burning down a convenience store which he had recently leased. The evidence at trial showed that Mohamed used an accelerant to cause an explosion and fire. Mohamed sustained burns in the ensuing blast and sought medical treatment under an alias, telling hospital staff that he sustained the injuries at home while filling a kerosene heater. Mohamed then left the Winston-Salem, North Carolina, area for a couple of months. Upon Mohamed's return, and before he was charged with arson, he spoke with an Alcohol, Tobacco, and Firearms agent. He told the agent that he was in the store at night when he saw an intruder who set the fire. Mohamed also told this story at trial.

During Mohamed's sentencing hearing, the government supported a request that the district court depart upward from Mohamed's guideline range based on USSG § 4A1.3 by presenting substantial evidence of his destructive conduct while being held in state jails. In three state jails where he was housed, Mohamed was violent and abusive toward the facilities and his jailors. Mohamed repeatedly defaced and destroyed prison property, including ceiling tiles, mattresses, a broom, a clock, a water fountain, and a thermometer, hurled obscenities and threats of violence at prison staff, threw and smeared his food, and spit at officers. In one jail alone, Mohamed had twelve reported instances of damage to property. The commander of the jail testified that but for Mohamed's status as a federal prisoner, he would have been charged with criminal offenses for each of these incidents when he destroyed property. Frequently, prison officials were forced to physically restrain Mohamed. In addition, Mohamed refused to coop-

2

erate with or speak with the probation officer assigned responsibility for preparing his presentence report.

In the presentence report, the probation officer established Mohamed's base offense level at twenty-four and then added a two-point enhancement for Mohamed's obstruction of justice by committing perjury at trial. Mohamed received a total of five criminal history points, three for prior convictions and two for being on probation at the time of the offense, which gave him a criminal history category of III. At sentencing, the judge made explicit findings that Mohamed perjured himself at trial. The judge adopted the probation officer's factual findings and guideline applications. Thus, the record reflects that the sole reason Mohamed received an adjustment for obstruction of justice under the guidelines was for perjury. His guideline range based on an offense level of 26 and criminal history category III was 78-97 months.

After adopting the presentence report, the district court then upwardly departed beyond the guideline range to offense level 26 and criminal history category VI for a range of 120-150 months. The court found that either of two methods of departure resulted in this same guideline range. First, the court found that Mohamed's destructive conduct in the jails supported a departure under USSG § 4A1.3 because it showed that his criminal history category did not reflect the seriousness of his past criminal conduct or the likelihood that he would commit other crimes. Second, the court found that this same conduct supported a departure under USSG § 5K2.0 for obstruction of justice. The court mentioned that it also considered Mohamed's failure to cooperate with the probation officer an obstruction of justice. The court sentenced Mohamed at the high end of this range to 150 months's imprisonment.

Mohamed first contends that the district court erroneously relied upon his failure to give information to the probation officer as a factor to support departure for obstruction of justice. We find that we need not address this contention because it is clear that the district court would have imposed the same sentence even absent its reliance upon this factor. See Koon v. United States, 518 U.S. 81, 113-14 (1996) (sentence may be affirmed notwithstanding reliance upon improper

3

factor for departure if district court would have imposed same sentence based upon proper factors considered).

Mohamed also contends that the district court erred by considering his conduct while in jail as a basis for departing under both USSG §§ 4A1.3 and 5K2.0. We reject this contention because the district court did not "double-count" this conduct. The two departure methods were not cumulative. They were simply two different methods of arriving at the same sentencing guidelines range.

Finally, Mohamed seems to contend in an undeveloped argument that his conduct while incarcerated does not fit within USSG § 4A1.3. He states simply that the guidelines prohibit the consideration of "a prior arrest record itself" under § 4A1.3. Yet, the same guideline section states that prior similar adult criminal conduct not resulting in a criminal conviction is properly considered. The conduct considered by the district court, Mohamed's destruction of property while incarcerated, is similar to the offense conduct of destroying property by fire. We therefore reject Mohamed's final argument that USSG § 4A1.3 did not permit the district court to consider his conduct while incarcerated.

Accordingly, we affirm Mohamed's sentence. We deny Mohamed's motion to relieve his attorney and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4